UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Charlene Denise Turner and Antoine Gardner,

    Defendants

Case No.: 2:22-cr-00164-JAD-BNW

**Order Denying Defendants' Motion to Dismiss**

[ECF No. 65]

    Defendants Charlene Denise Turner and Antoine Gardner were indicted in 2022 for engaging in an illegal firearm buying-and-selling scheme.[1] The indictment alleges that Turner bought firearms from a federally licensed outfit and signed AFT Form 4473—a federal form that individuals must complete to buy a gun—certifying that she was buying the guns for her personal use. But in reality, the United States alleges, Turner bought the firearms (29 in total) for Gardner and others and for sale to third parties. The indictment brings charges under 18 U.S.C. §§ 371, 922(a)(6), and 924(a)(2) against both defendants for making false statements during the purchase of a firearm, and against Turner under § 922(a)(1)(A) for engaging in the business of dealing in firearms without a license.[2]

    The defendants move to dismiss the entire indictment,[3] arguing that §§ 922(a)(6) and 924(a)(2) are unconstitutional under the United States Supreme Court's two-part test for regulations that implicate the Second Amendment right to bear arms as articulated in *New York*

---

[1] ECF No. 1 (indictment).

[2] *Id.* at 1–6.

[3] Turner originally moved for dismissal on her behalf only. ECF No. 65. I granted Gardner's motion to join in the motion on June 11, 2024. ECF Nos. 66, 67.

*Rifle & Pistol Ass'n v. Bruen*,[4] and the Ninth Circuit's interpretation of that test in *United States v. Duarte*.[5] The United States responds that the challenged statutes "fall[] outside the scope of *Bruen*'s Second Amendment analysis."[6] Because the Second Amendment doesn't cover the conduct criminalized by § 922(a)(6)—making false statements on a government form—I deny the defendants' motion.

## Discussion

**A.  Second Amendment challenges must be analyzed under *Bruen*'s two-step framework.**

The Second Amendment states that "a well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."[7] In *New York Rifle and Pistol Ass'n v. Bruen*, the Supreme Court articulated a new framework to determine whether a government regulation violates the Second Amendment.[8] Courts must first determine whether "the Second Amendment's plain text covers" the regulated conduct.[9] If it does, "the government must then justify its regulation by demonstrating that it is consistent with the nation's historical tradition of firearm regulation."[10] The first question requires "a textual analysis focused on the normal and ordinary meaning of the Second

---

[4] *N.Y. Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

[5] *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024), *vacated pending reh'g en banc*, 108 F.4th 786 (9th Cir. 2024) (Mem.).

[6] ECF No. 73 at 2.

[7] U.S. Const. amend. II.

[8] *Bruen*, 507 U.S. at 24.

[9] *Id.*

[10] *Id.* (cleaned up).

Amendment's language."[11]  The second demands a historical assessment in which a court looks to the historical record to determine how the Second Amendment was interpreted around the time of ratification up through the 19th century.[12]  This historical inquiry involves "reasoning by analogy": "determining whether a historical regulation is a proper analogue for a distinctly modern firearm regulation requires a determination of whether the two regulations are 'relevantly similar.'"[13]

B. **Making false statements in violation of § 922(a)(6) isn't conduct covered by the Second Amendment.**

18 U.S.C. § 922(a)(6) makes it unlawful "for any person in connection with the acquisition or attempted acquisition of any firearm . . . knowingly to make any false or fictitious oral or written statement . . . with respect to any fact material to the lawfulness of the sale . . . of such firearm."  18 U.S.C. § 924(a)(2) provides the punishment for making those false statements.  The defendants contend that the "conduct involved" in § 922(a)(6) is "purchasing a firearm" and that such conduct easily falls under the Second Amendment's plain text.[14]  They then argue that the government cannot meet its burden to show a historical analogue that permits such a

---

[11] *Id.* at 20 (cleaned up) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 576–77 (2008)).

[12] *Id.* at 20–21 (cleaned up).

[13] *Id.* at 28–29 (quoting Cass R. Sunstein, *On Analogical Reasoning*, 106 Harv. L. Rev. 741, 773 (1993)).  The defendants ask that I follow the reasoning in *Duarte*, 101 F.4th 657, when conducting this analysis.  But the panel's decision in *Duarte* was vacated when the Ninth Circuit voted to rehear that appeal en banc, so it is no longer a binding decision.  *See United States v Duarte*, 108 F.4th 786 (9th Cir. 2024) (Mem.).  And I don't consider it as persuasive authority here because the panel's decision was concerned with the constitutionality 18 U.S.C. § 922(g)(1), which prohibits convicted felons from owning firearms.  So *Duarte*'s vacated holding has limited relevance to the defendant's challenge to § 922(a)(6), which regulates entirely different conduct.

[14] ECF No. 65 at 4.

regulation.[15] The government responds that the "conduct involved" here is making false statements on a government form, an activity that doesn't implicate the Second Amendment and thus doesn't require a finding that the regulation is consistent with historical firearm regulations.[16]

The defendants' challenge is foreclosed by the Ninth Circuit's recent opinion in *United States v. Manney*.[17] In that case, the defendant signed ATF Form 4473, certifying "that she was the actual purchaser of the firearms" she purchased, but there was evidence that she bought the guns for her son (a felon who could not legally purchase guns himself) and that he paid her for them.[18] She raised the same challenge lodged in this case: § 922(a)(6) is unconstitutional because it impermissibly regulates the purchase of firearms under the *Bruen* framework.[19]

The panel rejected Manney's challenge. It reasoned that "§ 922(a)(6) prohibits making false statements"—conduct that the Second Amendment does not cover. The court noted that "[t]he statute did not prohibit Manney from possessing firearms" or "prohibit Manney from transferring those firearms to another individual."[20] "All the statute did was prohibit Manney from lying about the actual purchaser of the firearms."[21] So, "because the Second Amendment does not protect an individual's false statements, the conduct [that] § 922(a)(6) regulates falls outside the scope of the Second Amendment's plain text, and [the court's] analysis ends there."[22]

---

[15] *Id.* at 5.

[16] ECF No. 73 at 3–6.

[17] *United States v. Manney*, __ F.4th __, 2024 WL 3853846 (9th Cir. Aug. 19, 2024).

[18] *Id.* at *1–2.

[19] *Id.* at *4.

[20] *Id.*

[21] *Id.*

[22] *Id.*

*Manney* controls here.  The defendants were indicted for precisely the same conduct: falsely certifying that Turner was the actual purchaser of the firearms she bought.  *Manney* is binding Ninth Circuit authority, which requires a finding that such conduct does not fall within the Second Amendment's scope.  So I reject the defendants' argument that their charges under §§ 922(a)(6) and 924(a)(2) violate the Second Amendment.[23]

**C.     To the extent that Turner separately challenges her § 922(a)(1)(A) charge, that challenge also fails.**

Turner also at times suggests that she believes her charge under § 922(a)(1)(A), which prohibits the sale of firearms without a license, also violates the Second Amendment.[24]  But her arguments and analysis are focused only on the Second Amendment implications of making false statements in connection with purchasing a firearm, so I do not consider Turner's § 922(a)(1)(A) challenge to be properly raised.

But if it had been property raised, I would reject it, too.  The Ninth Circuit panel held in *Teixeira v. County of Alameda* that "[n]othing in the text of the [Second] Amendment . . . suggests that the [it] confers an independent right to sell or trade weapons."[25]  Though *Teixeira* was decided before *Bruen*, the panel considered whether the plain text of the Second

---

[23] In a footnote in Turner's reply, she states that "the government also cannot meet its burden of establishing the materiality of the statements at issue." ECF No. 74 at 3 n.1.  The court in *Manney* rejected that argument too, noting that the Supreme Court had previously ruled that "a false statement regarding the actual purchaser of a firearm was 'material' under § 922(a)(6)." *Manney*, 2024 WL 3853846, at *5 (citing *Abramski v. United States*, 573 U.S. 169, 171–72 (2014)).

[24] *See* ECF No. 65 at 1 (listing the statutes she is charged under and arguing that "these statutes are unconstitutional as applied to her, due to Second Amendment protections"); ECF No. 74 at 1 (stating that "[t]he prohibitions in 18 U.S.C. §§ 922(a)(1)(A), 922(a)(6), and 924(a)(2) are not part of the historical traditions that limit the outer bounds of the right to keep and bear arms").

[25] *Teixeira v. County of Alameda*, 873 F.3d 670, 683 (9th Cir. 2017).

Amendment covered the sale of firearms and whether the right to sell firearms was "within the historical understanding of the scope of the Second Amendment right."[26] The court concluded that it was not. Turner does not provide any argument or analysis indicating that her case is distinguishable from *Teixeira*'s interpretation of the Second Amendment, and I find that it controls here.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss the indictment **[ECF No. 65] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
September 19, 2024

---

[26] *Id.* at 683–84.